IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, ) | NO. 1:12-cv-00374 SOM/RLP |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | RECONSIDERATION |
| vs. ) | |
| ) | |
| GAU'ULA TUPENI, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is Petitioner's "Notice of Discrepancies," construed as a motion for reconsideration. Notice, ECF #11.  Plaintiff apparently seeks reconsideration of the August 20, 2012, Order dismissing his Complaint and action and finding that Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g).  Ord., ECF #9.  Plaintiff's action was dismissed without prejudice to Plaintiff's commencing another action with concurrent payment of the filing fee.  Plaintiff complains that the court failed to consider his "SNIPER" claims, and asserts that he will sue the undersigned if reconsideration is not granted.  Plaintiff's Motion is DENIED.

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal citations and emphasis omitted).  This

type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n. 1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)).  A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

      Plaintiff provides no reason to reconsider the Order finding that he has accrued three strikes and did not plausibly allege imminent danger of serious physical injury at the time he filed the Complaint.  The court cannot understand what Plaintiff alleges are his "SNIPER" claims, cannot find such a claim in his many filings, and does not believe it plausible that Plaintiff is in danger at the Halawa Correctional Facility's medium security module from a sniper.  Plaintiff fails to set forth facts or law of a strongly convincing nature persuading this court to reverse its August 20, 2012 Order and his Motion is DENIED.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, August 31, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Tupeni, et al.,* 1:12-cv-00374 SOM/RLP; ORDER DENYING MOTION FOR RECONSIDERATION; psas\recon\DMP\2012\Tia 12-374 som (re. dsm C 1915(g)